[782 NYS2d 110]

In the Matter of FRAZIER DAVIDSON, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, September 20, 2004

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated February 14, 2003, which contains 10 charges of professional misconduct. The parties stipulated to amend the petition on August 13, 2003. The Special Referee sustained all 10 charges. The petitioner now moves for an order confirming in full the report of the Special Referee and imposing such discipline upon the respondent as the Court deems just and proper. The respondent has cross-moved to disaffirm the findings of the Special Referee and dismiss the charges.

Charge One alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to appear in court and failing to diligently communicate with the court regarding his conduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent represented Joseph Green in a matrimonial matter. The judgment of divorce, which was filed on March 24, 1998, ordered the husband to pay the wife, Floretta Green, the sum of $233,333, representing one half of his interest in an entity known as Monck's Realty. In or about June 1999, Floretta Green moved to hold the respondent in contempt of court for failing to pay that sum.

On March 3, 2000, the respondent requested an adjournment of the contempt hearing scheduled for March 6, 2000. On Satur-

day, March 4, 2000, the hearing officer left a voice mail message for the respondent denying the adjournment and directing him to appear. On March 6, 2000, the respondent advised that he had just received the message and was en route to the court. The respondent testified before the petitioner that he told the court that he was appearing on a matter in Family Court and would appear when he was finished. The respondent failed to appear as directed on March 6, 2000, or to make diligent efforts to explain his absence. It was therefore recommended that the respondent be sanctioned in accordance with 22 NYCRR 130-2.1. By decision and order of the Supreme Court, Westchester County, dated December 6, 2000, Justice LaCava directed that the respondent should appear and be heard with respect to the appropriate sanction to be imposed.

Charge Two alleges that the respondent commingled personal funds with funds held on behalf of his client or a third person, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

On or about April 9, 1999, the respondent deposited a check payable to himself, as attorney, in the amount of $208,394 into his operating account with respect to client Joseph Green. The respondent testified that he believed that a portion of those funds belonged to him as fees and the remainder belonged to his client.

Charge Three alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations of Charge Two.

The respondent was required to deposit the Green funds into his escrow account.

Charge Four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to make inquiry of the abstract company, Regal Abstract, which issued a check payable to him as attorney, regarding the purpose of such disbursement, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about April 9, 1999, the respondent deposited a check in the amount of $208,394, payable to himself, as attorney, into his operating account. The respondent received the check from his client, Joseph Green. It was drawn on the account of Regal Abstract. At the time he received the check, the respondent

knew that Floretta Green was to receive approximately $233,000 from the sale of Monck's Realty, and he knew that his client had no assets over $200,000. Under these circumstances, the respondent had a fiduciary duty to inquire of Regal Abstract as to the reason the check was issued to him.

Charge Five alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by aiding his client in the concealment of marital assets, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about May 1999, the respondent knew or should have known that Floretta Green's counsel made a representation in support of an order to show cause, dated April 30, 1999, that Joseph Green had received a large sum of money from his business, Monck's Realty, Inc. in April 1999. Mr. Green thereafter left the state for several days. Mr. Green was ordered to pay his former wife $233,000 for her interest in the business. He failed to do so. Neither the respondent nor his client appeared at the court-ordered hearing to address Floretta Green's allegations.

Charge Six alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by converting funds, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent knew or should have known that the $208,394 check he deposited into his operating account was owed to Floretta Green. The respondent disbursed approximately $70,000 of that sum to Joseph Green and used the remainder for personal purposes.

Charge Eight alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law and is prejudicial to the administration of justice by failing to timely cooperate with the demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated September 9, 2002, the petitioner directed the respondent to provide, within 10 days, any and all records, including but not limited to bank statements, cancelled checks, deposit slips and items, and the ledger, from the escrow, special, trust, IOLA, and operating/business accounts he maintained, for the period March 1 through May 31, 1999. Although he failed to comply in a timely manner, the respondent provided some letters by September 25, 2002. He never provided deposit slips and cancelled checks for the escrow account.

By letter dated September 27, 2002, the petitioner acknowledged the respondent's partial compliance and requested that he provide proof of what he did with the $208,394 deposited into his operating account. The respondent was directed to explain, within 10 days, why the money was deposited into this account, when and how it was disbursed, and to provide bank statements and checks reflecting the disbursement of those funds.

Although the respondent failed to provide all of the requested information, he submitted a letter dated October 10, 2002, advising that he had no knowledge or information as to the source of the funds. By certified letter dated October 17, 2002, the petitioner advised the respondent that his October 10, 2002, letter was not responsive to its request. Bank records for the respondent's operating account were again requested within 10 days. By letter dated October 29, 2002, the petitioner advised the respondent that he had failed to timely respond to its lawful demand. The respondent provided a letter dated October 28, 2002, which was unresponsive, and some bank records. By letter dated October 31, 2002, the petitioner again directed the respondent to explain what he did with the $208,394 deposited into his operating account and asked him to account for additional activity in his operating account.

Based on the evidence adduced, we find that the Special Referee properly sustained Charges One through Six and Charge Eight. The motion to confirm the Special Referee's report is granted to the extent of sustaining Charges One through Six and Charge Eight and is otherwise denied. The cross motion is granted to the extent that Charges Seven, Nine, and Ten are not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent submits that there is no evidence that he personally benefitted in any way from any of his alleged violations or that his conduct in any way inured to a client's detriment. Nor is there any proof of venal intent. The respondent submits that his shortcomings as a record keeper should not be grounds for any type of public discipline. He has submitted letters from two attorneys (one of whom was disbarred in 1984 and reinstated on July 28, 1992) attesting to his good reputation. The respondent asks that the charges be dismissed or that the matter be referred back to the petitioner for appropriate action. In the event public discipline is deemed necessary, the respondent asks that it be limited to a censure.

The respondent was disbarred by the Appellate Division, First Department, on January 30, 1962, for, inter alia, knowingly submitting false papers to a South Carolina court. He was reinstated by that Court on September 27, 1979. The Court is not aware of any additional discipline imposed on the respondent.

Notwithstanding the respondent's age and the mitigation advanced, he is guilty of serious professional misconduct which warrants his disbarment.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges One through Six and Charge Eight are sustained and is otherwise denied; and it is further,

Ordered that the cross motion to disaffirm the Special Referee's report is granted to the extent that Charges Seven, Nine, and Ten are not sustained and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Frazier Davidson, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Frazier Davidson, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Frazier Davidson, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Frazier Davidson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).